**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>KII Liquidating Inc. (f/k/a In re Katy Industries, Inc.), *et al.*,<br>                       Debtors.[1] | Chapter 11<br><br>Case No. 17-11101 (LSS)<br><br>Joint Administration<br><br>Hearing Date: September 12, 2019 at 12:00 p.m.<br>Objections Due: September 5, 2019 at 4:00 p.m. |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS**
**OR CONVERT THE CHAPTER 11 CASES PURSUANT TO 11 U.S.C § 1112(b)**

Andrew R. Vara, the Acting United States Trustee for Region Three ("U.S. Trustee"), through his counsel, files this Motion (the "Motion") for the entry of an order dismissing or converting the Debtors' Chapter 11 cases pursuant to 11 U.S.C. § 1112(b). In support thereof, the U.S. Trustee respectfully states as follows:

**I.    PRELIMINARY STATEMENT**

These cases should be converted or dismissed because the Debtors have not filed their post-confirmation disbursement reports ("Reports") and are delinquent in paying fees due under 28 U.S.C. § 1930(a)(6) ("U.S. Trustee Fees"). Accordingly, under law cause to convert or dismiss exists under Section 1112 of the Bankruptcy Code.

**II.    JURISDICTION**

1.    Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: KII Liquidating Inc. (f/k/a Katy Industries, Inc.) (7589), ComPro Liquidating LLC (f/k/a Continental Commercial Products, LLC) (3898), FTWH Liquidating Inc. (f/k/a FTW Holdings, Inc.) (7467), FWPI Liquidating Inc. (f/k/a Fort Wayne Plastics, Inc.) (7470), Wabash Holding Corp. (9908), KTI Liquidating Inc. (f/k/a Katy Teweh, Inc.) (9839), WII, Inc. (0456), TTI Holdings, Inc. (8680), GCW, Inc. (5610), Hermann Lowenstein, Inc. (4331), American Gage & Machine Company (7074), WP Liquidating Corp. (2310), Ashford Holding Corp. (8113), and HPMI, Inc. (4677). The mailing address for each of the Debtors listed above, solely for purposes of notices and communications, is 400 S. Hope Street, Suite 1050, Los Angeles, California 90071 (Attn.: Lawrence Perkins, Chief Restructuring Officer).

Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Motion.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of cases commenced under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest…that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for 'protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law"). Congress created the United States Trustee Program to act as a "watchdog" in bankruptcy cases. *See* H.R. Rep. No. 95-595 at 88 (1977).

3.      The U.S. Trustee has standing to be heard on this Motion pursuant to 11 U.S.C. § 307.

**III.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

4.      On May 14, 2017, each of the Debtors filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.  By order of the Court entered on May 16, 2017,

these Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015 for procedural purposes only. (D.I. 37).

     5.     On May 26, 2017, the U.S. Trustee filed a Notice Appointing an Official Committee of Unsecured Creditors in these chapter 11 cases (D.I. 75).  On July 31, 2017, the U.S. Trustee filed a Notice Appointing an Official Committee of Retirees in these chapter 11 cases pursuant to section 1114 of the Bankruptcy Code.  (D.I. 317).

     6.     On May 2, 2018, the Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed Jointly by the Debtors and the Official Committee of Unsecured Creditors was entered by this Court. (D.I. 655).

     7.     On or about May 15, 2019, the Post-Confirmation Report for the Reporting Period January 1, 2019 to March 31, 2019 (1st Quarter 2019) was filed by Emerald Capital Advisors (D.I. 824).  No further Reports have been filed and the 2nd Quarter Report was due on or about July 30, 2019.

     8.     In addition, the U.S. Trustee Fees are due for the 4th Quarter 2018, and 1st and 2nd Quarters 2019 and U.S. Trustee Fees will be due for the 3rd Quarter 2019 for these Debtors.  The total amount of U.S. Trustee Fees due is $20,574.23 some of which are estimated due to the lack of a 2nd Quarter 2019 Report. (See Exhibit "A" annexed hereto and made a part hereof).

**IV.**    **LEGAL ARGUMENT**

     9.     Section 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

10. Examples of "cause" in Section 1112(b)(4) include:

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and

(K) the failure to pay any fees or charges required under chapter 123 of title 28.

11. The examples of cause listed in Section 1112(b) are not exhaustive, and the court has discretion in determining if cause exists. *See Matter of NuGelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992); *see also* 7 COLLIER ON BANKRUPTCY ¶ 1112.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed). The court may convert or dismiss a case for reasons that are not specifically enumerated in Section 1112. *See In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991); *see also Matter of NuGelt, Inc.*, 142 B.R. at 665.

12. Section 1112(b)(2) provides:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—

    i. for which there exists a reasonable justification for the act or omission; and

    ii. that will be cured within a reasonable period of time fixed by the court.

13. The choice between conversion and dismissal is in the court's sound discretion and

is based on what is in the best interests of creditors and the estate. *See In re American Capital Equipment, LLC*, 688 F.3d 145, 163 (3d Cir. 2012). The party seeking conversion or dismissal has the initial burden of showing cause exists. *See In re Products International Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008). If the movant establishes cause under Section 1112(b)(1), then the burden shifts to the debtor to show unusual circumstances exist under Section 1112(b)(2). *See In re Ramreddy, Inc.*, 440 B.R. 103, 112-13 (Bankr. E.D. Pa. 2009)(citing *DCNC North Carolina I, L.L.C. v. Wachovia Bank, N.A.*, 2009 WL 3209728 at *4 (E.D. Pa. 2009)).

14. Cause exists to dismiss or convert the Debtors' cases under section 1112(b)(4)(F) and (K) of the Bankruptcy Code, and potentially also under section 1112(b)(4)(E)[2], of the Bankruptcy Code.

15. Cause exists to convert or dismiss the cases under section 1112(b)(4)(F) because the Debtors have failed to timely satisfy their reporting requirements established by the Bankruptcy Code and Rules. Specifically, the Debtors have not filed the 2nd Quarter 2019 Report.

16. Because the Debtors have not timely filed their Reports, the U.S. Trustee is unable to, *inter alia*, determine the true quantum of U.S. Trustee Fees that are due.

17. Cause to convert or dismiss the cases also exists because the Debtors have not paid U.S. Trustee Fees and section 1112(b)(4)(K) of the Bankruptcy Code provides that cause to dismiss or convert a case includes the "failure to pay any fees or charges required under chapter 123 of title 28[.]" Chapter 123 of title 28 includes Section 1930(a)(6), which provides that "a

---

[2] Section 17.1 of the Plan provides that "[a]ll fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code prior to the Effective Date shall be paid by the Debtors on the Effective Date. After the Effective Date, the Plan Administrator, on behalf of each of the Debtors, shall pay any and all such fees when due and payable from the Estates' Assets until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code. The Debtors shall file all Quarterly Reports due prior to the Effective Date when they become due, in a form reasonably acceptable to the U.S. Trustee. After the Effective Date, the Plan Administrator shall file with the Bankruptcy Court Quarterly Reports in a form reasonably acceptable to the U.S. Trustee". See also Section V. of the Confirmation Order. See D.I. 655.

5

quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." The Debtors have not paid U.S. Trustee Fees for a number of quarters and U.S. Trustee Fees are delinquent in a partially estimated sum of $20,574.23, including interest, for U.S. Trustee Fees that are due and that continue to accrue for all Debtors. Thus, cause exists to convert or dismiss these cases under Section 1112(b)(4)(K).

18.  Once the Court has determined that cause exists under Section 1112(b), the Court must decide between dismissal or conversion based on the best interest of creditors and the estate. *See In re American Capital Equipment, LLC,* 688 F.3d at 161. The Court has "wide discretion to use its equitable powers to make an appropriate disposition of the case." *Id.* at 163 (quotation marks, citation omitted). In determining what is in the best interests of creditors, the Court may compare creditors' rights in bankruptcy with their rights under state law. *See Matter of NuGelt, Inc.*, 142 B.R. at 669. The U.S. Trustee respectfully submits that the Debtor's cases should be converted rather than dismissed as a chapter 7 trustee can distribute any estate funds and unencumbered assets that would be available for liquidation and distribution to creditors in a chapter 7 proceeding. See, 11 U.S.C. §§ 704, 726.

## V.     RESERVATION OF RIGHTS/CONCLUSION

19.  The U.S. Trustee reserves any and all rights, remedies, duties and obligations to, among other things, complement, supplement, augment, alter, substitute or modify this Motion and take any other action as may be appropriate.

\*\*\*

WHEREFORE, the U.S. Trustee requests that this Court convert the above-referenced Chapter 11 cases. Alternatively, if deemed in the best interest of creditors, the U.S. Trustee requests that this Court dismiss the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.

Dated: August 26, 2019
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By: */s/Richard L. Schepacarter*
    Richard L. Schepacarter
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 N. King Street, Room 2207
    Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491
    (302) 573-6497 (fax)